GEORGE VON HOFFMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13759. Promulgated February 17, 1948.

*G. Carroll Stribling, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $1,682.61 in income and victory taxes for 1943 and a deficiency of $12,522.91 in income tax for 1944. The issues for decision are:

(1) Whether the petitioner received income of $5,956.81 in 1943 as a result of a contribution of $40,000 made by the Von Hoffmann Corporation to a pension trust of which the petitioner was a beneficiary;

(2) Whether the petitioner, as a beneficiary, received income during the taxable years from any of the contributions made by the Von Hoffmann Corporation and the Von Hoffmann Press to nonexempt employee pension trusts;

(3) Whether a contribution made by the Von Hoffmann Corporation to a pension trust of which the petitioner was a beneficiary was income for 1943 or was income for 1944.

The facts have been stipulated and the stipulation is adopted as the findings of fact.

The petitioner, an individual, filed his returns for the calendar years 1942 through 1944 with the collector of internal revenue for the first district of Missouri. He used a cash receipts and disbursements method.

The Von Hoffmann Corporation was engaged in the printing business. It kept its books and made its returns on a calendar year accrual basis. Its stock was owned 48 per cent by the petitioner and 52 per cent by his brother. They and a third man constituted its board of directors.

The Von Hoffmann Corporation employees' profit-sharing and supplementary pension trust fund was created on December 26, 1941. The board of directors, by a resolution passed on December 26, 1942, voted to contribute $40,000 to the trust and agreed to make the interests of the beneficiaries in that contribution nonforfeitable. That resolution, in regard to the nonforfeitable character of the contribution, became effective by proper action of the trustees and participants. The contribution thus voted was accrued on the books of the corporation and also on the books of the trust on December 31, 1942, by proper entries. The corporation at that time had ample funds with which to make payment of the amount contributed. Actual

payment was made by the corporation to the trust on February 26, 1943.

The petitioner's beneficial interest in that contribution was $9,345.43. The Commissioner held that the trust was exempt for 1942 under section 165 of the Internal Revenue Code prior to its amendment by the Revenue Act of 1942, and that $3,388.62, representing 15 per cent of the petitioner's total compensation other than profit-sharing payments received from the corporation during 1942, was deductible by the corporation in 1942 under section 23 (p) (1) (C) and nontaxable to the petitioner. The remainder of $5,956.81 was held by the Commissioner to be deductible by the corporation in 1943 under section 23 (p) (1) (D) and taxable to the petitioner in 1943 under section 165 (c), which was added by the Revenue Act of 1942.

The first question is whether the $5,956.81 was added erroneously to the petitioner's income for the calendar year 1943. The Commissioner finds himself in a wholly illogical and untenable position in regard to the taxability of the petitioner's beneficial interest of $9,345.43 in the contribution of $40,000. Both parties concede that this employees' trust was an exempt trust under the provisions of section 165 prior to the amendment contained in the Revenue Act of 1942, the amendments apply in this case after the close of the calendar year 1942, and the trust is not exempt under those amendments. A nonforfeitable contribution made to an exempt trust in 1942 was taxable to the beneficiary only when actually distributed or made available to him. See the express provisions of section 165 prior to the amendment. No part of the $40,000 contribution was distributed or made available to the petitioner in 1943. Section 165 (c), which was added by the 1942 amendment, provides that nonforfeitable contributions by an employer to a nonexempt trust shall be included in the gross income of the employee for the taxable year in which the contribution is made to the trust. Thus, if the contribution was made to the trust in 1942, then no part of it is taxable to the petitioner in 1943, whereas if the contribution was made by the employer to the trust in 1943, then all of it would be taxable to the petitioner in that year.

Section 165, both before and after the amendment contained in the Revenue Act of 1942, provided what shall be done "if contributions are made to the trust by such employer." This point involves a single contribution to the trust made by the employer. The facts show that it was all made at one time. The Commissioner himself concedes that the contribution was made to the trust in 1942, since he granted the corporation a deduction for that year and he does not even claim that $3,388.62 of the petitioner's total beneficial interest in the contribution

was taxable to him in either 1942 or 1943. His contention that the remainder of the petitioner's beneficial interest in the contribution was a contribution to a nonexempt trust made in 1943 and, therefore, taxable to the petitioner under section 165 (c), is illogical. The corporation used an accrual method of accounting for and reporting its income. It "made" the contribution in 1942, when its obligation to pay became fixed as a result of the resolution and an action taken in that year. Cf. *C. H. Musselman*, 1 B. T. A. 41; *Estate of John F. Dodge*, 13 B. T. A. 201, 219. Taxability to the employee under the applicable law depended not upon payment to the trust, but upon when the contribution was made. Cf. sec. 23 (p) (1) (A) and (E), wherein payment is mentioned. The question is not affected by the fact that the petitioner was on a cash basis, since in neither year did he receive any cash. He is taxed because he received certain rights. They arose at the time the employer became obligated to make the payment and did not originate with the payment or with any change in section 165. No provision of section 165, as amended, applies to those payments. (C) applies only to contributions made by an employer during a taxable year of the trust for which the trust is not exempt. This trust was exempt at the time this payment was made. It is held that the contribution was made by the employer to the trust in 1942.

The Von Hoffmann Corporation made later contributions during the taxable years to its employees' trust and the Von Hoffmann Press made somewhat similar contributions during those same years to a trust for its employees. Those trusts were nonexempt during those taxable years and the contributions were expressly made nonforfeitable. Section 165 (c) provides that nonforfeitable contributions to a trust under such circumstances "shall be included in the gross income of an employee for the taxable year in which the contribution is made to the trust." The beneficial interests of the petitioner in the various contributions are shown by the stipulation. He contends that section 165 (c) and also 22 (a) are unconstitutional in taxing him with any part of these contributions prior to the time that they were actually distributed or made available to him in some way. The question of the taxability to an employee of nonforfeitable contributions by the employer for the benefit of employees has arisen in other cases. The facts here are not distinguishable in principle from those involved in some of those cases, and this point is decided against the petitioner. *Renton K. Brodie*, 1 T. C. 275; *D. D. Hubbell*, 3 T. C. 626; affd., 150 Fed. (2d) 516; *David Watson Anderson*, 5 T. C. 1317; *Harold G. Perkins*, 8 T. C. 1051.

The petitioner's final contention is that the petitioner's beneficial interest in the contribution of the Von Hoffmann Corporation made on December 26, 1942, but paid in 1943, was not taxable in 1943 and

his beneficial interest in a similar contribution made on December 31, 1943, but paid in 1944 was taxable in 1943 rather than 1944. It was pointed out in the discussion under the first point herein that the time at which the employer makes the contribution determines the year in which it is taxable to the employee, and for reasons there pointed out it is held that these contributions were made in 1942 and in 1943 at the time the resolutions were passed and the obligation to pay arose, rather than at the time actual payment was made.

Reviewed by the Court.

*Decision will be entered under Rule 50.*